## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **CASE NO. 25-CR-141 (TNM)** |
| **MARIO BUSTAMANTE LEIVA** | ) | |
| _____ | ) | |

### MOTION TO CONTINUE SENTENCING

Mario Bustamante Leiva, through undersigned counsel, respectfully moves this Honorable Court to continue his sentencing hearing by approximately 30–45 days. In support, Mr. Bustamante Leiva shows the following:

Mr. Bustamante Leiva was arrested on a criminal complaint and appeared before a magistrate judge of this court on April 29, 2025. Almost immediately—by May 7, 2025—Mr. Bustamante Leiva, through counsel, indicated his intent to accept responsibility for his actions in this case and resolve it short of trial. On that same date, counsel for the government stated they would "work on a plea offer."

Counsel followed up requesting—at a minimum—an outline of a plea offer multiple times. On May 9, 2025 the attorney for the government stated he "hope[d] to be able to extend a plea offer next week." When no plea offer came, on May 14, 2025, counsel for Mr. Bustamante Leiva followed up. In response, counsel for the government, on May 15, 2025, stated that he was "still in the process of working on a plea offer and getting approval." And on May 16, 2025, the then-Criminal Chief of the D.C. U.S. Attorney's Office stated that a "plea offer is forthcoming."

On May 16, 2025, Mr. Bustamante Leiva was indicted in nine-count indictment alleging

one count of wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 & 2; two counts of wire fraud in violation of 18 U.S.C. § 1343; one count of aggravated identity theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A(a)(1) & 2; two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1); and three counts of robbery in violation of 22 D.C. Code § 2801.  ECF 16.

On June 26, 2025, counsel for Mr. Bustamante Leiva reached out again by email to counsel for the government about whether and when the government would be sending a plea offer.  Counsel received no response from the government.  On July 15, 2025, counsel for Mr. Bustamante Leiva reached out yet again via email to counsel for the government about whether and when the government would send a plea offer.  Counsel did not receive a response until August 26, 2025.

On August 26, 2025, the government sent a general outline of its plea offer to counsel for Mr. Bustamante Leiva.  On September 4, 2025—after an email exchange to clarify the general contours of the government's offer—counsel for Mr. Bustamante Leiva asked the government to "[p]lease send the plea documents."

On September 4, 2025, counsel for the government stated he would "start drafting the paperwork and try to get it to [counsel for Mr. Bustamante Leiva] in the next several days."  On October 30, 2025, counsel for Mr. Bustamante Leiva—after not hearing from the government— inquired about the status of formal plea documents.  Undersigned counsel also informed the government that given the fact that counsel did not yet have the paperwork and could not translate it to a language Mr. Bustamante Leiva could understand with enough time to discuss the documents with him, counsel would need to file a motion to continue.

Only on November 6, 2025—after two months of requests for formal documents and six months after Mr. Bustamante Leiva indicated he wished to plea—did the government finally

send defense counsel formal plea paperwork.  At that time, counsel requested a brief continuance to permit them to translate the plea documents and discuss them in a language Mr. Bustamante Leiva can understand.

Mr. Bustamante Leiva finally pleaded guilty before this Court on November 21, 2025. On that date, the Court set sentencing for March 13, 2026.

On January 15, 2026, Mr. Bustamante Leiva was interviewed by the Probation Office with undersigned counsel present.  During that interview, the assigned probation officer requested that undersigned counsel provide her with records that would be difficult for the office to obtain in time to prepare Mr. Bustamante Leiva's Presentence Investigation Report.  Counsel received those records around mid-February—but while they were both in trial.  Undersigned counsel subsequently reached out to the probation officer on February 20, 2026 to inquire whether she still needed the records.  On February 23, 2026, the probation officer responded that she did still need the documents.  Undersigned counsel was out of the office that entire week but responded as soon as she was able and facilitated the transfer of the records.

On March 3, 2026, undersigned counsel reached out to counsel for the government for its position on a motion to continue Mr. Bustamante Leiva's sentencing by about 30–45 days. Undersigned counsel informed the government that because of the volume of the records— approximately 500 pages—counsel would need time to review the records and discuss them in the context of sentencing with Mr. Bustamante Leiva.[1]  The government has informed undersigned counsel that it opposes Mr. Bustamante Leiva's motion to continue.

In its email stating that it opposes Mr. Bustamante Leiva's request, the government stated

---

[1] Counsel also notes—as both the Court and the government well know—the Federal Public Defender's Office is unexpectedly short two attorneys.  This has created an increased case load on the individual members of the office, which consists of only nine trial attorneys.

3

that, "We oppose the continuance due to the age of the case. We would like to proceed to sentencing." But this case is only as old as it is *because* of the government's failure to move at a faster pace.

At this juncture, additional time is necessary for counsel to adequately review the voluminous records regarding Mr. Bustamante Leiva's history and characteristics, and which counsel believes contain mitigating information of which the Court will need to be informed. *See McMullen v. Dalton*, 83 F.4th 634, 643 (7th Cir. 2023) (discussing an attorney's duty to investigate and present a sentencing court with mitigating evidence in the context of the Sixth Amendment right to counsel).

As the Court is well aware, attorneys within this jurisdiction often investigate mitigating circumstances by requesting education, medical, and even court records from previous or underlying cases to provide context for information that may or may not be contained within the PSR. Now, undersigned counsel requests to be permitted the opportunity to wade through pages of documents and present mitigation so Mr. Bustamante Leiva may be adequately represented at sentencing.

Mr. Bustamante Leiva has never wavered in his desire to accept responsibility in this case. Nor does he seek to cause undue delay. Instead, he merely wishes the Court consider all relevant information available when determining a sentence that is sufficient but not greater than necessary. Therefore, for all these reasons, Mr. Bustamante Leiva respectfully requests this Court grant his continuance.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____

TEZIRA ABE
Assistant Federal Public Defender

4

625 Indiana Avenue, NW, Suite 550
Washington, DC  20004
(202) 208-7500